Matter of Pacor (2020 NY Slip Op 02195)





Matter of Pacor


2020 NY Slip Op 02195


Decided on April 2, 2020


Appellate Division, Second Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2019-12006

[*1]In the Matter of John J. Pacor, admitted as John Joseph Pacor, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; John J. Pacor, admitted as John Joseph Pacor, respondent. (Attorney Registration No. 5151360)



MOTION by the Grievance Committee for the Ninth Judicial District to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), based upon his conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 12, 2013, under the name John Joseph Pacor.



Gary Casella, White Plains, NY (Forrest Strauss of counsel), for petitioner.
Foley Griffin, LLP, Garden City, NY (Chris McDonough of counsel), for respondent.



PER CURIAM


OPINION & ORDER
. On August 21, 2019, the respondent pleaded guilty before the Honorable Michael A. Martinelli, in the County Court, Westchester County, to the crime of grand larceny in the fourth degree, in violation of Penal Law § 155.30(1), a class E felony.
The Grievance Committee for the Ninth Judicial District moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), based upon his felony conviction. In response to this motion, the respondent's counsel submitted a letter stating, inter alia, that the respondent does not contest the motion.
Pursuant to Judiciary Law § 90(4)(a), the respondent was automatically disbarred and ceased to be an attorney upon his conviction of a felony.
Accordingly, the motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), is granted to reflect the respondent's automatic disbarment as of August 21, 2019.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that the motion of the Grievance Committee for the Ninth Judicial District is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, John J. Pacor, admitted as John Joseph Pacor, is disbarred, effective August 21, 2019, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, John J. Pacor, admitted as John Joseph Pacor, shall [*2]comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, John J. Pacor, admitted as John Joseph Pacor, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, John J. Pacor, admitted as John Joseph Pacor, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court